# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

| | |
|---|---|
| RALPH W. ARTHUR, *Plaintiff*, | ) ) ) |
| v. | ) ) ) |
| PET DAIRY, and LAND-O-SUN DAIRIES LLC, *Defendants.* | ) ) ) ) |

CASE NO. 6:11-CV-00042

**MEMORANDUM OPINION**

The Defendant Land-O-Sun Dairies, LLC d/b/a Pet Dairy ("Defendant"), pursuant to Fed. R. Civ. P. 54, seeks an order compelling Plaintiff Ralph W. Arthur ("Plaintiff") to pay Defendant's bill of costs, totaling $3,131.87, or such amount thereof as deemed reasonable and just by this Court. However, Plaintiff did file an objection to Defendant's bill of costs. For the reasons that follow, I will award $3,081.87 in costs to Defendant.

## I. PROCEDURAL POSTURE

Plaintiff filed his initial complaint in this employment discrimination action on October 5, 2011. On November 19, 2013, I granted Defendant's Motion for Summary Judgment, which dismissed this case from the active docket. On November 26, 2013, a week after the court's order, Defendant filed a bill of costs, pursuant to Rule 54(d)(1), seeking the recovery of $3,131.87 in costs that Defendant allegedly incurred defending against Plaintiff's lawsuit. Defendant's filing including an exhibit recording Defendant's costs along with an affidavit by counsel in support of the bill. On November 27, 2013, Plaintiff filed an opposition to Defendant's bill, titled "Plaintiff's Objections to Defendants' Bill of Costs."

## II. LEGAL STANDARD AND DISCUSSION

Under Rule 54 of the Federal Rules of Civil Procedure, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). While the district court has the discretion to deny an award of costs, it must "articulate[e] some good reason for doing so[,]" as the language of Rule 54(d)(1) gives rise to a "presumption that costs are to be awarded to the prevailing party." *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999) (citations and internal quotation marks omitted).

It is incumbent upon the losing party to show circumstances sufficient to overcome the presumption that favors awarding costs to the prevailing party. *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994). In *Cherry*, the Fourth Circuit listed the rare circumstances where, absent a statute or federal rule of civil procedure, a court may decline to shift those costs, which include: (1) "misconduct by the prevailing party worthy of a penalty"; (2) "the losing party's inability to pay"; (3) the "excessiveness [of the costs] in a particular case"; (4) the "limited value of the prevailing party's victory"; or (5) "the closeness and difficulty of the issues decided." *Cherry*, 186 F.3d at 446.

Defendant, as the prevailing party, has not committed any acts of misconduct, such as "calling unnecessary witnesses, raising unnecessary issues, or otherwise unnecessarily prolonging the proceedings." *Congregation of The Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988). Plaintiff does not assert that Defendant has committed any acts of misconduct. I also note on the issue of conduct and good faith that while the losing party's good faith is insufficient to stand alone, it is a prerequisite to denying costs to the winner. *See Cherry*, 186 F.3d at 446. During the oral argument heard on November 14, 2013, Plaintiff's counsel made several misrepresentations about the content of the record to this Court.

But as these statements were not made by Plaintiff himself, and were isolated in nature, I will not rely upon these statements to find that Plaintiff failed to act in good faith, and will not bar Plaintiff from challenging Defendant's bill of costs on that basis.

Plaintiff asserts in his objections that Plaintiff "cannot afford to pay any costs," suggesting that "[t]he record supports a finding that . . . [Plaintiff] experienced extreme financial and personal difficulties and has *survived* by working part-time delivering prescription medications . . . [i]n addition, a significant portion of [Plaintiff's] resources [are] committed to caring for his wife, who is terminal with cancer." Pl.'s Opp'n 2 (docket no. 92) (emphasis added). The Fourth Circuit has held that financial inability to pay may be considered by the court in denying an award of costs. *See Cherry*, 186 F.3d at 446; *Teague*, 35 F.3d at 996. This court has also previously ruled that the losing party's financial resources merit consideration, should there be sufficient evidence to make a finding of inability to pay. *See, e.g, Musick v. Dorel Juvenile Group, Inc.*, 2012 U.S. Dist. LEXIS 17734, at *2-3 (W.D. Va. 2012) (noting that specific numbers about income and assets suggest a lack of ability to pay costs); *Crusenberry v. Boddie-Noell Enters., Inc.,* 2001 U.S. Dist. LEXIS 6966, at *2 (W.D. Va. 2001) (noting the undisputed facts surrounding Plaintiff's singular reliance on government assistance).

Here, Plaintiff's assertions of inability to pay are too tenuous to justify the unusual step of denying Defendant's bill of costs. Although Plaintiff claims that the record amply demonstrates that Plaintiff experienced extreme financial difficulties following his termination from Pet Dairy, even to the point of having to "survive" on part-time checks and government assistance, a review of the record suggests a less dramatic picture. Plaintiff stated in his deposition that he earned $8.00 an hour working for E.C. Delivery. Pl.'s Resp. to Def.'s Mot. for Summ. J. Ex. 1 7 (docket no. 70). He further claimed that he is receiving Social Security payments and is not looking for

additional work. *Id.* at 9. There was not testimony beyond this regarding extreme hardship. The record also does not contain any references to Arthur's wife being terminal with cancer. The only potential inference that Arthur was preoccupied with regards to his wife comes from his peculiar answers to deposition questions, including "you would ask that" and "back it up" in response to questions about the duration of the marriage. *Id.* at 3. I note that Plaintiff did not in his objections to Defendant's bill of costs include any affidavits or particular citations to the record that would indicate an extreme inability to pay or hardship from his wife's illness. Without such support, mere allegations of hardship are insufficient. Indeed, Plaintiff has found other employment as a truck driver, whereas in similar cases, an inability to get rehired as a truck driver was the justification for finding an inability to pay. *See Merritt v. Old Dominion Freight Line, Inc.*, 2009 U.S. Dist. LEXIS 41872, at *2 (W.D. Va. 2009) (noting Plaintiff's failure to find subsequent employment as a reason to deny costs).

I note that even if costs amount to a high percentage of a losing party's income, they may still be awarded. *See Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 766 (4th Cir. 2003) (upholding an award of costs that represented half of Plaintiff's disposable income). In fact, the Fourth Circuit has stated that it is error to consider the parties' comparative economic power. *Cherry*, 186 F.3d at 448. I therefore find that Plaintiff's alleged inability to pay does not justify taking the unusual step of denying Defendant's bill of costs.

Plaintiff claims that the $3,131.87 bill is excessive, alleging that Defendant has "padded its costs" that that portions of Defendant's bill are "plainly inappropriate" and an act of "overreaching" egregious enough to justify declining "any costs." Pl.'s Opp'n 1-2 (docket no. 92). Defendant has, on the other hand, asserted that all costs were "reasonable and necessary." Def.'s Bill of Costs Ex. 2 2 (docket no. 91). It is the duty of this Court to review all of the costs

[4]

requested by Defendant. *See, e.g., Bass*, 324 F.3d at 766. While the specific charges will be discussed *infra*, the $3,131.87 bill does not appear excessive on its face. *Cf. Washington v. Kroger*, 2013 U.S. Dist. LEXIS 15737, at *7 (W.D. Va. 2013) (noting in a similar employment discrimination case where Summary Judgment was granted to the Defendant that a bill of $5,000.22 did not appear excessive on its face).

The fourth factor considered in *Cherry*, "the limited value of the prevailing party's victory," is not applicable, nor does Plaintiff claim otherwise. The fifth and final factor, dealing with the closeness and difficulty of the issues, is implicated by Plaintiff's reliance on the *Musick* opinion. A case's closeness "is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *Va. Panel Corp. v. MAC Panel Co.*, 203 F.R.D. 236, 237 (W.D. Va. 2001) (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 732-33 (6th Cir. 1986)). Denying costs has been found appropriate where "the issues in the case were close and difficult, [the] case was hotly contested at trial and in previous appeal, and there was sufficient evidence . . . to allow [the] district court to carefully evaluate [Plaintiff's inability to pay]." *Ellis v. Grant Thornton LLP*, 434 F. App'x 232 (4th Cir. 2011). Here, on the other hand, Plaintiff was unable to present evidence sufficient to survive Defendant's motion for summary judgment, and the case was not especially difficult.

Thus, I find that there are no circumstances sufficient to overcome the presumption that favors awarding costs to the prevailing party.

### III. CALCULATING THE AWARD

While there are no grounds for denying all costs to the prevailing party in this case, as discussed, this Court has the discretion to determine the final bill amount. Under 28 U.S.C. §

[5]

1920, and relevant to this case, a judge or clerk of any court of the United States may tax: "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case"; "Fees and disbursements for printing and witnesses"; and "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(2), (3), (4).

Defendant incurred $1,948.07 worth of costs incident to taking depositions. Defendant notes that "[t]he depositions of these [fourteen] individuals were used extensively to prepare for Defendant's motion for summary judgment," the depositions "were integral for preparing for trial and responding to Plaintiff's allegations," and further that "Plaintiff [also] took the depositions of 14 individuals during discovery in this case." Def.'s Bill of Costs Ex. 1 2 (docket no. 91). As Defendant notes, the Fourth Circuit has held that the expense of obtaining deposition transcripts should be taxed as costs if they were "reasonably necessary for preparation for trial at the time they were taken." *LaVay Corp. v. Dominion Federal Savings & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987), *cert denied*, 484 U.S. 1065 (1988). Other than the blanket statement that "the Court should decline to award any costs to Pet Dairy," Plaintiff does not challenge these costs. Pl.'s Opp'n 2 (docket no. 92). Thus, the full $1,948.07 will be awarded to Defendant.

Defendant incurred $1,133.80 worth of in-house printing costs. These are the costs that Plaintiff vehemently disputes, arguing that "it is plainly inappropriate to require plaintiff to bear defense counsel's decision to copy internally more than 5,000 pages of documents at unreasonably high rates set by defense counsel." Pl.'s Opp'n 2 (docket no. 92). But Defendant notes that a great deal of the in-house printing costs were responsive to discovery requests Plaintiff made. Def.'s Bill of Costs Ex. 1 3 (docket no. 91). Upon reviewing the specific printing charges, I find that they were "necessarily obtained for use in the case," and the full $1,133.80

shall be taxed to Plaintiff. *Cf. Washington v. Kroger*, 2013 U.S. Dist. LEXIS 15737, at *11 (W.D. Va. 2013) (granting Defendant's costs, including "one entry [of] miscellaneous copying expenses").

Finally, Defendant requests $50.00 as reimbursement for copy costs paid to the Lynchburg Police Department in response to its subpoena *duces tecum* in this case. Def.'s Bill of Costs Ex. 1 3 (docket no. 91). Plaintiff states that "[w]hat Pet Dairy does not tell the Court is that it subpoenaed records of a *misdemeanor* charge of *domestic assault and battery*, evidence of which is plainly inadmissible under FRE 609(a) [*see* ECF No. 79]." *Pl.'s Opp'n 2* (docket no. 92).[1] I note that "[t]he few courts to address the recoverability of fees for subpoenas duces tecum have concluded that such costs are recoverable when issued in conjunction with the scheduled deposition of the witness receiving the subpoena," but otherwise "there is no basis for taxing [such costs under] . . . 28 U.S.C. § 1920." *Long v. Howard Univ.*, 561 F. Supp. 2d 85, 97-98 (D.D.C. 2008). Here, it appears to me that the subpoena *duces tecum* was directed at the Lynchburg Police Department rather than Arthur or anyone else being deposed. Def.'s Resp. in Opp'n to Pl.'s Mot. to Quash 1 (docket no. 78). Thus, it appears as if there is not a basis for taxing the $50.00 cost under 28 U.S.C. § 1920, and I will thus decline to tax Plaintiff that amount.

After subtracting the $50.00 from Defendant's bill, I will award Defendant $3,081.87 in costs to Defendant.

### IV. CONCLUSION

---

[1] I note that the Court is well versed in this part of the case, having reviewed Plaintiff's earlier motion to quash the subpoena (docket no. 73), Plaintiff's reply in regards to the same (docket no. 79), and Magistrate Judge Robert S. Ballou's order denying Plaintiff's motion (docket no. 81). Plaintiff's incensed tone and veiled allegation that Defendant is engaging in underhanded behavior is unnecessary and unhelpful to the Court in resolving this issue.

For the foregoing reasons, this case does not meet one of those rare circumstances that rebuts the presumption to award costs to the prevailing party. Pursuant to Fed. R. Civ. P. 54(d)(1), Plaintiff owes Defendant $3,081.87 for costs that Defendant incurred during this litigation. An appropriate order accompanies this memorandum opinion.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this  2nd  day of December, 2013.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE